[Cite as *Shank v. Ohio Dept. of Transp., Dist. 12*, 2011-Ohio-1117.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

COLLEEN SHANK

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 12

     Defendant

     Case No. 2010-09141-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Colleen Shank, filed this action against defendant, Department of Transportation (ODOT), contending the sunroof on her car was damaged as a proximate cause of negligence on the part of ODOT in maintaining an overpass bridge spanning Interstate 480 East in Cuyahoga County. In her complaint, plaintiff described her damage incident noting she was traveling east on Interstate 480 on June 1, 2010 when, "an object fell from the overpass right before the Ridge Rd. exit as I was passing under the overpass the object hit the center of my sunroof," shattering the glass. Plaintiff submitted photographs depicting the damaged sunroof. The photographs depict damage consistent with an object falling and striking the sunroof. Plaintiff did not identify the origin of the object that damaged her vehicle. From information provided in the complaint it is uncertain whether the damage-causing object was part of the overpass bridge structure which had spalled or had some other origin. The damage-causing object was never recovered. Plaintiff requested damage recovery in the amount of $323.25, the cost of a replacement sunroof. The filing fee was paid.

{¶ 2} Defendant conducted an investigation and determined the damage-causing incident occurred at the Idlewood Drive overpass spanning Interstate 480 which

corresponds to state milepost 14.87 in Cuyahoga County. Defendant contended ODOT "did not have notice of any problems with the overpass, and there is no evidence the debris actually came from the overpass." Defendant denied receiving any calls or complaints regarding "falling debris" at or near milepost 14.87 prior to June 1, 2010. Defendant asserted the particular section of roadway was well patrolled and no problems were discovered with the Idlewood Drive overpass spanning Interstate 480 in Cuyahoga County. Defendant further asserted plaintiff did not offer evidence to show the damage-causing debris condition was attributable to any conduct on the part of ODOT. Defendant advised the overpass at milepost 14.87 was inspected on May 19, 2009 and the submitted "Bridge Inspection Report" refers to "a very small percentage of spalling or delaminations" on the bridge deck structure. The "Bridge Inspection Report" references spalls and delaminations on the bridge deck with the bridge floor showing 5-10% deterioration. Spalling and delamanination were also observed on the substructure of the bridge as well as on the bridge approaches. Defendant argued, "the evidence suggests the damage was not caused by debris from the bridge." Apparently, the particular overpass bridge was not inspected at any time from May 20, 2010 to June 1, 2010.

{¶ 3} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes a reasonable basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

**{¶ 4}** Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

**{¶ 5}** In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. However, proof of notice of a dangerous condition is not necessary when defendant's own personnel passively or actively cause such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861.

**{¶ 6}** Ordinarily, in a claim involving roadway defects, plaintiff must prove that either: 1) defendant had actual or constructive notice of the defective condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. The evidence is inconclusive to establish that plaintiff's damage was proximately caused by negligent bridge maintenance or that the damage-causing debris was part of a spall condition.

**{¶ 7}** "If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in light of all the attending circumstances, the injury is then the proximate result of negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d

155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327.

{¶ 8} This court has previously held ODOT liable for property damage resulting from falling debris. *Elsey v. Dept. of Transportation* (1989), 89-05775-AD. Plaintiff has failed to prove her property damage was proximately caused by debris emanating from the Idlewild Drive overpass or any ODOT maintenance activity. Plaintiff has failed to produce sufficient evidence to prove her property damage was caused by any known debris condition. Consequently, plaintiff failed to prove her damage was attributable to any negligent act or omission on the part of ODOT or its agents. See *Wachs v. Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2005-09481-AD, 2006-Ohio-7162; *Vanderson v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2005-09961-AD, 2006-Ohio-7163; *Shiffler v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-07183-AD, 2008-Ohio-1600.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

COLLEEN SHANK

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 12

Defendant

Case No. 2010-09141-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Colleen Shank
19846 Henry Road
Fairview Park, Ohio  44126

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
12/2
Filed 1/11/11
Sent to S.C. reporter 3/4/11